UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:  Chapter 11

    CASKINETTE AUTO SALES, INC.  Case No.
    D/B/A TI AUTO SALES YAMAHA  09-32570-5
    SKI-DOO
               Debtor.

## PLAN OF REORGANIZATION

**Antonucci Law Firm LLP**
David P. Antonucci, of counsel
Attorneys for Debtor
Bar Roll No: 101041
Office and P.O. Address
12 Public Square
Watertown, New York 13601
(315) 788-7300

# PLAN OF REORGANIZATION

CASKINETTE AUTO SALES, INC. as debtor and debtor-in-possession ("Debtor") proposes the following Chapter 11 plan of reorganization ("Plan") pursuant to section 1121(a) of title 11, United States Code ("Code"):'

## I
## DEFINITIONS:

A.  **Defined Terms.** As used herein, the following terms have the respective meanings specified below, unless the context otherwise requires (such meanings to be equally applicable to both the singular and plural, and masculine and feminine forms of the terms so defined).

  1.  *Administrative Expense Claim* means a Claims for any cost or expenses of administration of the Chapter 11 Case under §503(b) and referred to in section 507(a)(1) of the Code, including any actual and necessary costs and expenses of preserving the Debtor's estates, any actual and necessary costs and expenses of operating the business of the Debtor, indebtedness or obligations incurred or assumed by the Debtor during the Chapter 11 case in connection with the conduct of the business, all compensation or reimbursement of expenses under sections 330, 331, or 503(b) of the Code to the extent incurred prior to the Effective Date, and any fees or charges assessed

against the estate of the Debtor under Section 1930, Chapter 123 of title 28, USC.

2. *Allowed Administrative Expense Claim* means an Administrative Expense Claim which has been allowed by final Order of the Bankruptcy Court, pursuant to Section 503 of the Bankruptcy Code, prior to the Effective Date. Unless otherwise specified in the Plan of by order of the Bankruptcy Court, "Allowed Administrative Expense Claim" shall not, for purposes of computing distributions under the Plan, include interest on such Claim from and after the Petition Date, except as provided in section 506(b) of the Code.

3. *Allowed Claim* means a Claim, as the case may be, other than a Disputed Claim, (a) proof of which was timely and properly filed, or if no proof of claim was timely and properly filed, which is listed by Debtor on its Schedules as liquidated in amount and not disputed or contingent, and in either case, (I) as to which no objection to the allowance thereof or request for estimation has been interposed on or before the sixtieth (60th) day after the Effective Date or the expiration of such other applicable period limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, or order of the Bankruptcy Court, or (ii) to the extent any objection to the allowance thereof or request for estimation interposed in accordance with clause (I) has been determined by a Final Order in favor of the holder of such Claim, or (b) to the extent allowed by Final Order or the provisions of the Plan. Unless otherwise specified in the Plan or by order of the

Bankruptcy Court, "Allowed Claim" shall not, of purposes of computing distributions under the Plan, include interest on such Claim form and after the Petition Date, except as provided in section 506(b) of the Code. "Allowed Claim" also means an allowed claim of the type described or in the class described, as the case may be.

4. *Ballot* means the ballot, the form of which has been approved by the Bankruptcy Court and accompanying the Disclosure Statement which was provided to each holder of a Claim entitled to vote to accept or reject the Plan.

5. *Ballot Date* means the date fixed by the Bankruptcy Court by which all Ballots for acceptance or rejection of the Plan must be received.

6. *Bankruptcy Court* means the United States District Court for the Northern District of New York, Syracuse Division having jurisdiction over this Chapter 11 Case, and to the extent of any reference made pursuant to section 157 of title 28, Untied State Code, the Untied States Bankruptcy Court and any other court having jurisdiction over the Chapter 11 Case.

7 *Business Day* means any day other than a Saturday , a Sunday or any other day on which banking institutions in New York are required or authorized to close by law or executive order.

8. *Case* means this Chapter 11 proceeding of Caskinette Auto Sales bearing case number 09-32570 pending before the United States Bankruptcy Court for the Northern District of New York, Syracuse Division.

9. *Claim* means any right to (a) payment from the Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured or (b) an equitable remedy for breach of performance if such breach gives rise to a right of payment from Debtor, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured.

10. *Class* means the class to which an Allowed Claim is classified pursuant to Article II of the Plan.

11. *Code* means Title 11, United States Code, as amended from time to time.

12. *Confirmation* Date means the date on which the Clerk of the Bankruptcy Court enters the Confirmation order on to docket of the Bankruptcy Court.

13. *Confirmation Order* means the order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

14. *Debtor* means Caskinette Auto Sales, Inc.

15. *Debtor in Possession* means the Debtor, as debtor in possession in the Chapter 11 Case.

16. *Disclosure Statement* means the written disclosure statement, as amended, supplemented, or modified form time to time, describing the Plan, prepared by the Debtor and distributed in accordance with, Inter alia, sections 1125 and 1145 of the Code and approved by order of the Bankruptcy Court.

17. *Effective Date* means January 1, 2011.

18. *Equity Interest* means any shareholder interest or other instruments evidencing a present ownership interest in the Debtor.

19. *Final Order* means an order of the Bankruptcy Court which shall not have been reversed, stayed, modified, or amended an in which the time to appeal or to seek a review or other hearing has expired and which is otherwise final in all respects.

20. The *Shareholders* means all the shareholders if the debtor is a corporation. In the singular the same shall mean any or all of the individual shareholders of the debtor.

21. *Impaired Class* shall mean those Claims which are deemed impaired pursuant to section 1124 of the Code.

22. *Leases* means leases of real or personal property entered into between

Debtor and a third party.

23. *OMITTED.*

24. *Petition Date* means September 16, 2009, the date on which the Debtor filed its petition for relief commencing the Chapter 11 Case.

25. *Priority Claim* means any Claim against the Debtor accorded priority in right of payment under section 507(a) of the Code, other than an Administrative Expense Claim.

26. *Plan* means this Chapter 11 plan of reorganization, either in its present form or as it may be altered, amended or modified from time to time in accordance with the provisions of the Code, the Bankruptcy Court Rules and the terms hereof.

27. *Real Estate Tax Claims* means the Allowed Claims for real estate taxes relating to Real Property.

28. *Real Property* means all real property, appurtenances thereto, fixtures and improvements, rights in connection therewith, or an interest therein owned or held by the Debtor; if any.

29. *Secured Claim* means a Claim against the Debtor held by any person or entity, including a judgment creditor of the Debtor, to the extent of the value, as determined whether by the Bankruptcy Court pursuant to section 506(a) of the Code or as

otherwise provided in the Plan, of any interest in property of the estate securing such Claim.

30.  *Unsecured* Claim means any Claim that is not a Secured Claim, Administrative Expense Claim or Priority Claim.

## II
## CLASSIFICATION AND TREATMENT OF
## CLAIMS AND EQUITY INTERESTS.

The plan classifies and treats the creditors in the following manner:

**Class 1:** Consists of allowed expenses of administration pursuant to §503(b) of the Code. Such allowed expenses will be paid in full upon the Effective Date of the Plan, or in accordance with such other terms as may be agreeable between the debtor and the holder of said claim, subject to Court approval and, further, accept as set forth below. The debtor and counsel have agreed to pay any allowed claim for legal services over a period of three (3) years if necessary to accomplish the plan or reorganization.

Class I is not entitled to vote.

The amounts included in this Disclosure Statement for the payment of professional fees are estimates. Professionals cannot and will not be paid by the Debtor unless each appointed professional files an application with the Bankruptcy Court for payment of professional fees incurred. The amounts paid will be the approved amounts.

Applications for professional fee requests will be made in a separate motion, on notice to all creditors and all other parties in interest.

At this time the Debtor believes the only administrative claims involved here will be from David P. Antonucci Esq., Antonucci Law Firm LLP in the approximate amount of $7,500.00. No fees will be paid to any professional until the appropriate Order has been executed and allowed by the court. All other administrative claims (if any) will be paid on the Effective Date.

**Class 2:** Consist of allowed priority claims which will be paid upon the Effective Date of the Plan. At present, no such claims exist.

Class 2 is not entitled to vote.

**Class 3** Consists of the allowed, secured claim of Community Bank (hereinafter the "Bank") Bank will be repaid the reasonable value of its collateral in the amount of $100,000.00 over a period of five (5) years, in equal monthly installments, with interest at the rate of five percent (5%) per annum commencing upon the first day of the first month after the confirmation date. The Bank will retain its lien against the personal property of the debtor. The debtor shall continue its appeal with respect to the judgment of the creditor. The remainder of the claim shall be deemed unsecured. Confirmation of the plan or reorganization shall function with respect to any claims against co-debtors as well and be finding upon and limit the actions of the Class against them.

Class 3 Claim is impaired and is entitled to vote

**Class 4** Consists of the claims of Honda Finance and M & T Bank as concerns vehicles. Each will be paid in accordance with their contract terms and conditions. No arrears exist. Any arrears which do exist will be paid upon the Effective Date.

Class 4 Claims are not impaired and not entitled to vote.

**Class 5** Consists of the claim of AmeriCU Credit Union as concerns a 2003 Sea Ray 380 boat. The boat will be surrendered in full satisfaction of the claim with respect to all obligors.

Class 5 Claim is impaired and entitled to vote.

**Class 6** Consists of the claim of GE Capital or its successor or assigns as concerns certain Bobcat Equipment. The equipment will be retained and the sums paid pursuant to the contract between the parties or as otherwise negotiated between the parties for the full value of the equipment.

Class 6 Claim is impaired to vote if the contract is modified.

**Class 7** Consists of the claim of GE Commercial Distribution Finance Corp. which is disputed. This class shall be paid no dividend and confirmation of the plan shall function, along with previous surrender of the class collateral, to satisfy the debt in full as the debtor and any co-debtor. The claim is not liquidated and the debtor shall, if necessary, move to expunge the claim.

Class 8 Claim is impaired and entitled to vote.

**Class 9** Consists of holders of allowed general unsecured claims of Community Bank not satisfied above. Members of this class will receive distribution equaling five percent (5%) of allowed claims over five (5) years after the Effective Date The creditors will be paid annually commencing with a payment of approximately Six Thousand ($6,000.00) on or about the Effective Date and two equal installments of Three Thousand Dollars ($3,000.00) on January 1st and July 1st in each year thereafter.

Class 9 is impaired and is entitled to vote.

**Class 10:** Consists of the Shareholders of the Debtor. The sole holder of the Equity Interest shall receive no distribution under the Plan, but shall retain his equity in the Debtor due to his capital contributions in excess of $100,000.00 to provide working capital to the corporation.

Class 10 is not entitled to vote.

### III

### ACCEPTANCE OR REJECTION OF THE PLAN

A. Voting Classes. Except as otherwise provided in the Plan or by order of the Court, each holder of a Claim in Classes three and four that is not a Disputed Claim shall be entitled to vote to accept or reject the Plan, unless otherwise ordered by the Court.

B. Acceptance by Impaired Class. An impaired class of Claims shall have

accepted the Plan if the holders (other than any holder designated under section 1126(e) of the Code) of at least two-thirds in amount and more than one-half in number of the holders of the Allowed Claims actually voting in such class have voted to accept the Plan.

C. Nonconsensual Confirmation. The Debtor requests that in the event any of the impaired classes reject the Plan, the Court confirm the Plan in accordance with section 1129(c) of the Code.

## IV
## MEANS OF IMPLEMENTATION
## OF THE PLAN

A. Basis of Payment. All payments made and funds anticipated to be distributed pursuant to the terms and provisions of the Plan and shall be derived from the revenues and income generated by the continued operation of the Debtor's business.

B. Cancellation of Existing Securities and Agreements. On the Effective Date, any promissory notes and other instruments evidencing any Claim shall be deemed canceled without further act or action under any applicable agreement, law, regulation, order, or rule and the obligations of the Debtor under the agreements, indentures and the certificates of designations governing such Claims, as the case may be, shall be discharged except for those documents evidencing the secured position of various creditors.

C. **Cash Payments.** Any payment made pursuant to the Plan may be made either in cash, by check drawn on a bank that is a member of the New York Clearing House Association or by wire transfer from such a bank, at the option of the Debtor.

D. **Saturday, Sunday or Legal Holiday.** If any payment, distribution or other act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payments or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

E. **Failure to Negotiate Checks, etc.** Checks and wire transfers issued in respect of distributions under the Plan shall be null and void if not negotiated or cleared within sixty (60) days after the date of issuance. Thereafter, all Claims in respect of void checks and wire transfer and the underlying distributions shall be discharged and forever barred from assertion against the Debtor and its property.

F. **Tax Exemption.** Transfers of any assets on or after the Effective Date shall be made pursuant to order of the Bankruptcy Court and, accordingly, to the fullest extent permitted by law, shall be exempt from all stamp taxes and similar taxes with the meaning of section 1146(c) of the Code.

# EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

A.  Except as herein provided below, the Debtor hereby rejects each of the outstanding Executory contracts and unexpired leases under which it was obligated or to which it was a party as of the Petition Date.

## VI
## MODIFICATION/REVOCATION OF THE PLAN

A.  Modification. After confirmation of the Plan, Debtor may alter, amend or modify the Plan in accordance with section 1127 of the Code.

B.  Revocation. Debtor reserves the right to revoke and withdraw the Plan at any time prior to the Confirmation Date. If the Plan is so revoked or withdrawn or if the Effective Date does no occur, then the Plan shall be deemed null and void as it relates to the Debtor. In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other persons or to prejudice in any manner the rights of the Debtor or any other person in any further proceedings involving the Debtor.

## VII
## RETENTION OF JURISDICTION

Pursuant to the Local Bankruptcy Rules for the Northern District of New York,

the Bankruptcy Court shall retain jurisdiction until there is substantial consummation of the Plan. Except as otherwise expressly provided in the Plan, the Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Chapter 11 Case and the Plan pursuant to, and for purposes of, sections 105(a) and 1142 of the Code and for, among other things, the following purposes:

A. To hear and determine pending applications for the assumption, assignment, or rejection of Executory contracts or unexpired leases, if any, and the allowance of Claims resulting there from;

B. To determine any and all adversary proceedings, applications and contested matters pending on the Effective Date;

C. To determine any and all applications initiated by Debtor for the sale, abandonment or others disposition of any assets;

D. To ensure the distributions to holders of Allowed Claims are accomplished as provided herein;

E. To hear and determine any timely objections to Administrative Expense Claims filed including any objection to the classification of any Claim, and to allow or disallow and disputed Claim, in whole or in part;

F. To enter and implement such orders as any may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacate;

G. To issue such order in aid of execution of the Plan, to the extent authorized by section 1142 of the Code;

H. To consider any modifications of the Plan, to cure and defects or omissions, or reconcile any inconsistency on the Plan or in any order of the Court, including, without limitation, the Confirmation Order;

I. To hear and determine all applications for compensation and reimbursement of expenses of professionals incurred prior to the Effective Date under sections 330, 331 and 503(b) of the Code;

J. To hear and determine disputes arising in connection with the interpretation or enforcement of the Plan, including issues relating to releases, injunctions and discharge granted hereunder;

K. To hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505 and 1146 of the Code; and

L. To enter a final decree closing the Chapter 11 Case.

## VIII
## MISCELLANEOUS PROVISIONS

A. Payment of Statutory Fees. All fees payable pursuant to section 1930 of title 28, United States Code, as determined by the Bankruptcy Court at the Confirmation

Hearing, shall be paid on or before the Effective Date.

B. Plan Binding on All Persons. Upon confirmation, the Plan shall be binding upon and inure to the benefit of the Debtor and the holders of Claims and Equity Interests, whether or not they voted to accept the Plan. The rights afforded in the Plan and the treatment of all Claims and Equity Interests therein shall be in exchange for complete satisfaction all Claims and Equity Interests of any nature whatsoever, known or unknown, including any interest accrued or expenses incurred on such Claims from and after the Petition Date, against the Debtor, Debtor in Possession, its estate, assets, properties of interest in property or codebtors. Except as otherwise provided in the Plan, (I) on the effective date, all such Claims against, and Equity Interests in, the Debtor or any co-debtor shall be satisfied in full, in exchange for the consideration, if any, provided for in the Plan and (ii) all persons and entities shall be precluded from asserting against the Debtor, its assets or properties any other or further Claims of Equity Interests based upon any act or omission, transaction, or other activity of nay kind or nature that occurred prior to the Effective Date.

C. Vesting of Property. Except as otherwise provided in the Plan, upon the Confirmation Date, title to all assets and properties of the Debtor shall revert to the Debtor, free and clear of all Claims. Allowed Secured Claims are paid in full as provided in the Plan, and the Confirmation Order shall be a judicial determination of all of the

Debtor's liabilities.

D. Avoidance Powers. Debtor shall review its records to determine if there is any legal basis and necessity for exercising any of its avoidance powers pursuant to the Code. Debtor hereby reserves its right to commence an adversary proceeding necessary to exercise such rights within six(6) months from the Effective Date.

E. Payment Dates. Whenever any payment or distribution to be made under this Plan shall be due on a day other than a business day, such payment or distribution shall instead be made, without interest, the next business day.

F. Headings. Headings are used in the Plan for convenience and reference only, and shall not constitute a part of the Plan for any other purpose.

G. Governing Law. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or applicable state law, the internal laws of the State of New York shall govern the construction and implementation of the Plan and nay agreements, documents and instruments executed in connection with the Plan.

H. Successors and Assigns. The rights of any Person named or referred to in the Plan shall inure to the benefit of, and the obligations of any Person named or referred to in the Plan shall be binding on any heir, executor, successor or assign of such Person.

I. Filing of Additional Documents. On or before the Effective Date, Debtor may file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

J. Confirmation of this Plan shall operate as a continued stay or enforcement or claims against any and all codebtors and guarantors of the obligations of the debtor pursuant to 11 USC 105, 11 USC 362.

Date: Watertown, New York
Dated July 20, 2010

Respectfully submitted,
Caskinette Auto Sales, Inc.

By: S/S Sean Jeror
    Sean Jeror, President.

s/s David P. Antonucci Esq.
David P. Antonucci Esq.
Bar Roll No. 101041
ANTONUCCI LAW FIRM, LLP
12 Public Square
Watertown, New York 13601
(315)788-7300